IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEENAN KESTER COFIELD       *
            Petitioner,

                              *

      v.                            CIVIL ACTION NO. CCB-07-990

                              *

UNITED STATES OF AMERICA
            Respondent.       *
                              ***

## MEMORANDUM

On April 12, 2007, the court received for filing Keenan Kester Cofield's 28 U.S.C. § 2241

petition for writ of habeas corpus.  Petitioner, who is housed at a detention facility in Youngstown,

Ohio,  is apparently serving his U.S. Bureau of Prisons ("BOP") sentence, having been mandatorily

released from the Maryland Division of Correction.[1]  Petitioner seemingly complains that this

court has failed to rule on an earlier writ of habeas corpus, filed on or about November 16, 2006, by

a family member.  He seeks to compel his immediate release from the "executive detention" of the

United States Marshal Service.[2]

---

[1]       Petitioner served time on multiple state convictions handed down in Baltimore County, Maryland.  *See Cofield v. Rouse, et al.*, Civil Action No. CCB-06-909 (D. Md.) at Paper No. 22.  These concurrent four-year sentences commenced in February of 2004 and January of 2005.  *Id.*

      In addition, Petitioner was convicted and sentenced in this court.  *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md. 2004).   On October 29, 2004, he signed a plea agreement, agreeing to plead guilty to one count of conspiracy to utter a forged or stolen U.S. Treasury check, in violation of 18 U.S.C. § 371.  On May 16, 2005, the Honorable Marvin J. Garbis sentenced petitioner to a ten-month term in the U.S. Bureau of Prisons ("BOP") with three years of supervised release and ordered him to pay a $100.00 special assessment. *Id.* at Paper No. 66.  Since the entry of that judgment, Judge Garbis has held that the 10-month sentence is to run consecutive to any state sentence.  *Id.* at Paper No. 85.

[2]       Attached to the petition is a "complaint and administrative grievance" which raises several counts for review.  Petitioner claims that: (1) the pre-sentence report ("PSI") in his federal case contains incorrect information regarding the underlying criminal statute charged by the grand jury; (2) the PSI inaccurately reflects the monetary loss for his federal criminal offense; (3) he is entitled to a 2 or 4 point reduction in the offense level, as the PSI does not reflect that funds were returned or taken out of his account without incident; (4a) the PSI does not reflect an illegal and voided 1982 conviction in the state of Alabama, which provided the basis for his federal conviction in Tennessee; (4b) the conviction in the Tennessee federal

Based upon the multiple and varied allegations raised in this case, the matter has been construed as a hybrid 28 U.S.C. § 2241 petition, a 28 U.S.C. § 1361 writ of mandamus, and a 28 U.S.C. § 2255 motion.  For reasons to follow, the case shall be dismissed without prejudice.

Section 2241 Petition

Title 28 of the United States Code § 2241(a), *inter alia*, gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions."  28 U.S.C. § 2241(a).  A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973).  An application for a writ of habeas corpus "shall allege....the name of the person who has custody over him and by virtue of what claim or authority, if known."  28 U.S.C. § 2242.

Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located, which ordinarily is also where the petitioner is incarcerated.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. at 488-89, 495; *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Commission*, 648 F. Supp. 479, 480 (D. Md. 1986).

---

court should be considered invalid as it is subject to the "fruits of the poisonous tree" rule; (5) one of his Maryland sentences was imposed without counsel or without petitioner's presence and should not have been referenced in the PSI and used to enhance his criminal history; (6a) the PSI does not note that "multiple terms of imprisonment" shall be treated for administrative purposes as a single, aggregate term of imprisonment; (6b) the U.S. Bureau of Prisons has failed to aggregate his sentence and multiple terms of imprisonment (state and federal) as a single term, which would result in his immediate release; (7) the PSI makes no reference to credits under 18 U.S.C § 3585(b)(1) for "home detention" while in pre-trial custody; (8) he is entitled to credits under  18 U.S.C § 3585(b)(1) for his arrest by the Circuit Court in Baltimore County; and (9) he is entitled to nunc pro tunc designation and credits under 18 U.S.C. § 3621.  Paper No. 1 at Attachments.

Petitioner's attachments seemingly raise a challenge to the length and duration of his federal confinement due to the alleged failure to award pre-trial credits and to properly consider his "aggregate" sentences.   Such a claim is to be brought under 28 U.S.C. § 2241.   Petitioner, however, is currently confined at the Northeast Ohio Correctional Center ("NEOC"), located in Youngstown, Ohio.   Given these circumstances, this court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 Petition.

Section 1361 Petition for Mandamus

Petitioner seeks to compel this court to take action and rule on a 28 U.S.C. § 2241 federal habeas corpus petition allegedly filed by family members in November of 2006.   In order to meet the requirements for mandamus relief, petitioner must show that: he has the clear legal right to the relief sought; respondent has a clear legal duty to do the particular act requested; and no other adequate remedy is available.   The failure to show any of these prerequisites defeats a district court's jurisdiction under § 1361.   *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).   Mandamus most commonly lies to compel performance of a clear nondiscretionary duty, and is an extraordinary remedy that typically should not be invoked if other avenues of relief exist.   *See Kane v. Winn*, 319 F.Supp.2d 162, 212 (D. Mass. 2004).

According to the docket of this court, no 28 U.S.C. § 2241 federal habeas corpus petition was received for filing from or on behalf of petitioner in November of 2006.[3]   On November 9, 2006, the court received for filing petitioner's 28 U.S.C.§ 2255  motion to vacate.   *See Cofield v. United*

---

[3]     The criminal docket shows that on November 16, 2006, a "petition by law by right for writ of habeas corpus" was filed on behalf of petitioner's co-defendant Terrance Ezekial Paulin.   *See United States v. Paulin*, Criminal No. MJG-04-99 (D. Md.) at Paper No. 146.

*States*, Civil Action No. MJG-06-2950 (D. Md. 2006).  The matter was, however, dismissed without prejudice on November 28, 2006.  In addition, on January 12, 2007, the court received petitioner's 28 U.S.C. § 2241 writ of habeas corpus.  *See Cofield v. U.S. Attorney General, et al.*, Civil Action No. CCB-07-131 (D. Md. 2007).  That petition was dismissed without prejudice on January 30, 2007.[4]

In this instance, Petitioner has failed to demonstrate that he has a clear right to the relief he seeks.  Indeed, it appears that no § 2241 habeas corpus petition was received during the time period in question and that all actions filed by petitioner since November of 2006 have been reviewed and ruled on by the court.  Petitioner has no right to 28 U.S.C. § 1361 relief.

Section 2255 Motion to Vacate

This action raises several challenges to petitioner's sentence by claiming PSI errors, some of which directly attack the sentence imposed in this court by Judge Garbis.    Whether petitioner is seeking to reduce his sentence by arguing an improper sentence enhancement or the failure to allow for downward departure, such a claim must be brought under 28 U.S.C. § 2255.  This court, however, lacks subject matter jurisdiction over such an action, as petitioner's previous § 2255 motion has already been adjudicated on the merits by this court.  *See Cofield v. United States*, Civil Action No. MJG-06-881 (D. Md.).

A "second or successive" petition for relief under § 2255 may not be filed in a district court unless petitioner first obtains the "gatekeeping" authorization of the court of appeals, certifying that the petition conforms to specified statutory requirements.  *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A).  In the instant case petitioner has filed a successive motion to vacate.  The Fourth Circuit must first

---

[4]        A motion to vacate or to set aside judgment, filed on March 7, 2007, remains pending.  *See Cofield v. U.S. Attorney General,* Civil Action No. CCB-07-131 (D. Md.) at Paper No. 5.

enter an order authorizing this court to consider the successive filing before this court can examine

the merit of petitioner's claims.  *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 , 664 (1996).

Petitioner has not received Fourth Circuit authorization, and thus this court is without jurisdiction

to consider another such request.  *See In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (*en banc*).

The motion to vacate shall therefore be dismissed without prejudice.[5]

For the foregoing reasons, this action shall be dismissed without prejudice.   A separate

Order follows.

Date:   April 26, 2007                                   /s/
                                                  Catherine C. Blake
                                                  United States District Judge

---

[5]      Petitioner makes a brief reference to a "writ of error *coram nobis*."  Paper No. 1 at 1. "*Coram nobis* is an extraordinary remedy to be granted only under compelling circumstances to correct errors of the most fundamental nature." *Kramer v. United States*, 579 F. Supp. 314, 315 (D. Md. 1984) (citations omitted). Although abolished in most civil actions, *see* Fed. R. Civ. P. 60(b), *coram nobis* is still available to challenge a criminal conviction where "circumstances compel such an action to achieve justice."  *United States v. Morgan*, 346 U. S. 502, 511 (1954).  A defendant seeking a writ of *coram nobis* must not have any other remedies available.  *See Correa-Negron v. United States*, 473 F.2d 684, 685 (5th Cir. 1973). The writ is available only when the petitioner is no longer in custody on the challenged conviction and sentence.  *See, e.g., United States v. Sawyer*, 239 F.3d 31, 37 (1st  Cir. 2001).

Petitioner may not avail himself of *coram nobis* relief.   As he is  in federal custody and has filed a prior motion under 28 U.S.C. § 2255, he may not circumvent the gatekeeping provisions of §§ 2255 &  2244 by filing a petition under § 1651.  *See United States v. Noske*, 235 F.3d 405, 406 (8th  Cir. 2000); *cf., United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988) (federal courts have the power under the All Writs Act, 28 U.S.C. § 1651(a)[,] to grant a writ of error *coram nobis* to vacate a conviction *after the sentence has been served* ") (emphasis added).
.